19-2391-cr (L)
United States v. Pizarro, Rivera

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-three.

PRESENT:

      **GUIDO CALABRESI,**
      **MICHAEL H. PARK,**
      **STEVEN J. MENASHI,**
          *Circuit Judges.*

_____

**United States of America,**

        *Appellee,*

      **v.**

**Robert Pizarro, Juan Rivera,**          **19-2391, 19-2419**

      *Defendants-Appellants.*

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLEE ROBERT PIZZARO:** | JANE S. MEYERS, Law Office of Jane S. Meyers, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLEE JUAN RIVERA:** | PETER F. LANGROCK, Langrock Sperry & Wool, LLP, Middlebury, VT |
| **FOR APPELLEE:** | JASON M. SWERGOLD, (Jared Lenow, Danielle R. Sassoon, *on the brief*), Assistant United |

States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Robert Pizarro and Juan Rivera were convicted of various crimes related to the robbery, kidnapping, and murder of Robert Bishun, a government informant. Days before Defendants' original trial date, the government disclosed new *Brady* material. Defendants moved to dismiss their indictment. The district court denied the motion and instead granted a two-week adjournment. A week later, the government disclosed additional *Brady* material. Defendants again moved to dismiss their indictment. The district court again denied the motion but granted a four-month adjournment. On appeal, Defendants argue that the untimely disclosures warrant dismissal of their indictment. Rivera also brings claims based on the sufficiency of the evidence and the district court's denial of Defendants' motion for severance. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Untimely *Brady* Disclosures**

This Court reviews the denial of a motion to dismiss an indictment on grounds of government misconduct de novo. *See United States v. Walters*, 910 F.3d 11, 22 (2d Cir. 2018). "We review a district court's factual findings for clear error." *Id*.

The government is required to disclose "evidence [that] is material either to guilt or to

2

punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The "remedy for a *Brady* violation is *vacatur* of the judgment of conviction and a new trial in which the defendant now has the *Brady* material available to her." *United States v. Halloran*, 821 F.3d 321, 342 n.14 (2d Cir. 2016) (quoting *Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014) (en banc)). "Dismissal of the indictment is an extreme sanction and a drastic remedy, appropriate only when it is otherwise impossible to restore a criminal defendant to the position that he would have occupied vis-a-vis the prosecutor, or when there is a widespread or continuous pattern of prosecutorial misconduct." *Id*. (cleaned up).

Neither of the extraordinary conditions that would warrant dismissal are present here. First, Defendants fail to demonstrate any prejudice from the government's belated disclosures. Although belated, the government produced the *Brady* material before trial, and the district court's four-month adjournment gave Defendants sufficient time to investigate potential leads. And, at trial Defendants did, in fact, pursue an alternative perpetrator defense based on that material. Second, there is no "widespread or continuous pattern of prosecutorial misconduct" present here that would warrant a dismissal. *Halloran*, 821 F.3d at 342 n.14 (internal quotations omitted). The district court correctly concluded that there was an "absence of a showing of truly bad faith and intentional willful withholding of known exculpatory information." App'x at A-540. The government explained that it initially withheld information while law enforcement investigated and did not have an adequate system for ensuring that the withheld material was timely disclosed when the investigation was complete. This explanation is consistent with the record, and Defendants have not pointed to any evidence indicating that the disclosure failure was based on bad faith rather than negligence or was otherwise part of a larger pattern.

3

Defendants' reliance on *United States v. Chapman*, 524 F.3d 1073 (9th Cir. 2008), is misplaced. The Ninth Circuit in that case affirmed the dismissal of an indictment based on the district court's findings that: (1) the government produced hundreds of pages of new material in the middle of trial, (2) the government made "affirmative misrepresentations to the court," and (3) the defendant would be prejudiced by a new trial because "the mistrial remedy would advantage the government, probably allowing it to salvage . . . a poorly conducted prosecution." *Id.* at 1085-86. Here, Defendants had the material available to them before the trial began, there was no evidence of intentional government misconduct, and any potential prejudice was cured by the district court's adjournments.

Defendants have not shown either prejudice or a widespread pattern of misconduct and have thus failed to demonstrate that this case warrants the drastic remedy of dismissal.

**II.    Sufficiency of the Evidence**

Rivera argues on appeal that there was insufficient evidence for the jury to convict him on Counts One through Three. "'We review de novo challenges to the sufficiency of the evidence,' viewing 'the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility.'" *United States v. Zhong*, 26 F.4th 536, 559 (2d Cir. 2022) (quoting *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010)). We "must affirm the conviction so long as, from the inferences reasonably drawn, 'any rational trier of fact could have found the essential elements of the crime

4

beyond a reasonable doubt.'" *United States v. Connolly*, 24 F.4th 821, 832 (2d Cir. 2022) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

That standard is met here. As to Counts One and Two, there was sufficient evidence on which a jury could conclude that Rivera had the requisite intent to kidnap Bishun and that Bishun was kidnapped while he was alive. For example, Philip Haynes testified that Defendants' plan had been to kidnap Bishun, and witnesses to the kidnapping testified that Bishun was alive just moments before Defendants drove away with him. As to Count Three, there was sufficient evidence on which a jury could conclude that Bishun was murdered to prevent him from communicating with a federal officer. Specifically, witnesses testified that Bishun identified himself as a federal informant within earshot of both Defendants, and the kidnapping appeared to occur in response.

**III. Severance**

Finally, Rivera appeals the district court's denial of Defendants' motion to sever Counts Seven through Nine, which charged only Pizzaro with a 2015 robbery of Bishun. "We review the propriety of joinder *de novo*." *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008). "Our scrutiny of the district court's denial of a Rule 8 motion to sever requires a twofold inquiry: whether joinder of the counts was proper, and if not, whether misjoinder was prejudicial to the defendant." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (quoting *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990)).

Rivera's claim fails because joinder of the counts was proper. Joinder of two or more defendants is permitted "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P.

8(b). "We have interpreted the 'same series of acts or transactions' language of Rule 8(b) to mean that joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." *Rittweger*, 524 F.3d at 177 (cleaned up). Here, joinder was proper because the crimes shared the same victim and location and occurred sufficiently close in time so that "a reasonable person would easily recognize the common factual elements that permit joinder." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) (quoting *United States v. Turoff*, 853 F.2d 1037, 1044 (2d Cir. 1988)).

In addition, Rivera cannot show prejudice. His purported claims of prejudice stem from the fact that evidence of the 2015 robbery and Pizzaro's confession were used against Rivera. But as the district court correctly found, the same evidence would have been admissible in separate trials. *See* Dist. Ct. Dkt. 63. And the district court properly limited any potential prejudice by delivering limiting instructions to the jury. *See United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990) (finding no prejudice when "the court twice delivered a limiting instruction designed to safeguard against the possibility of 'spillover' prejudice").

We have considered all of Defendants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court